* In compliance with instructions from the Court
of Criminal Appeals, the publication of this

**ON MOTION FOR REHEARING**

WARREN, Justice.

In its motion for rehearing appellant calls our attention to the opinion on rehearing in *Lee v. The National Life Assurance Company of Canada,* 635 F.2d 516, 517 (5th Cir.) where it withdrew its language used in its original opinion which stated that "intent to deceive or induce issuance of an insurance policy can never be proved as a matter of law to establish the misrepresentation defense in the absence of a warranty that the facts contained in the application are true or evidence of collusion between the applicant and the insurance agent." 632 F.2d at 517 (5th Cir.).

Although we cited the language in our original opinion, 646 S.W.2d 573, our holding on the issue of intent to deceive was as follows: "We are of the opinion that we may not presume an intent to deceive from the fact that Mr. Diggs, with a long history of heart ailments, made false statements on his application for insurance."

We do not hold that a summary judgment may never be obtained in a life insurance dispute on the basis of an insurance company's affirmative defense of material misrepresentation, as appellant contends. We do hold that the evidence presented and the allowable presumptions were insufficient in this case to prove as a matter of law that the deceased made application for insurance with intent to deceive.

Appellee's motion for rehearing is denied.

Elmer Glenn STURGIS, Appellant,
v.
STATE of Texas, Appellee.
No. 11–81–185–CR.
Court of Appeals of Texas,
Eastland.
Nov. 10, 1982.*
Discretionary Review Granted
March 9, 1983.

opinion was delayed until final action by that Court on the petition for review. The Court of

J. Stephen Cooper, Bruder & Cooper, Dallas, for appellant.

Joseph Thigpen, Dist. Atty., Haskell, for appellee.

DICKENSON, Justice.

Elmer Glenn Sturgis was convicted upon his plea of guilty to the offense of engaging in organized criminal activity.[1] Punishment was assessed by the District Judge, pursuant to a plea bargain agreement, at confinement for six years and a $600 fine. After conviction but before sentence was pronounced, Sturgis was convicted in the United States District Court for the Northern District of Texas, Dallas Division, and sentenced to a three year term for a different offense. When sentence was pronounced in this case on August 14, 1981, the state court attempted to provide that the six year sentence imposed "shall begin" when the federal sentence shall have "ceased to operate." Elmer Glenn Sturgis appeals. We reform the sentence by removing the cumulation order. As reformed, the conviction is affirmed.

Appellant has briefed nine grounds of error. The first three grounds[2] were decided adversely to his position in the companion case of *Nichols v. State,* 653 S.W.2d 768 (Tex.Cr.App.1981, rehearing en banc denied). *Nichols* decided virtually identical complaints which were made by a co-indictee. Consequently, we overrule the first three grounds of error.

The last six grounds challenge the cumulation order. Ground of error number six[3] controls our disposition of this aspect of the appeal, and we do not reach the other grounds. We are compelled to hold that

Criminal Appeals affirmed the judgment of the Court of Appeals on September 14, 1983.

1. TEX. PENAL CODE ANN. Sec. 71.02(a)(5) (Vernon Supp.1982) declares that: "A person commits an offense if, with the intent to establish, maintain or participate in a combination or in the profits of a combination, he commits or conspires to commit one or more of the following: ... unlawful manufacture, delivery, dispensation or distribution of a controlled substance or dangerous drug...."

2. Ground One: "The appellant's conviction is void because the offense of 'engaging in organized criminal activity' violates Tex. Const. Art.

III, Sec. 35 insofar as it is used to charge offenses involving controlled substances."

Ground Two: "The indictment is fundamentally defective for failing to state an offense because there is no Penal Code offense of 'unlawful delivery of a controlled substance.'"

Ground Three: "The indictment is fundamentally defective for failing to state an offense because 'marihuana' is not a 'controlled substance' as that term is used in Sec. 71.02(a)(5) of the Penal Code."

3. Ground Six: "The court erred in ordering the sentence cumulated with a federal sentence as there is no statutory authority to cumulate a state sentence on a federal sentence."

the present statute [4] does not authorize the cumulation or "stacking" of a Texas state court sentence with a federal court sentence.

Article 42.08, supra, is limited to the situation where "the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment." Clearly, appellant's federal sentence will not be served by confinement in "an institution operated by the Department of Corrections" or in jail. It will be served in some institution operated by the Federal Bureau of Prisons. All of the cases authorizing cumulation [5] or "stacking" of a Texas state sentence after a federal sentence were prior to the 1965 legislation which, as shown by the historical note following Article 42.08, supra:

> Provided for the confinement in "an institution operated by the Department of Corrections" rather than in "the penitentiary."

If the legislature chooses to permit the cumulation or "stacking" of a Texas state sentence, so that it begins after completion of a prior federal or out of state sentence, the legislature is free to restore the original language which used the broader reference to confinement in "the penitentiary."

We reform the trial court's sentence by removing the cumulation order. As reformed, the judgment of conviction is affirmed.

---

4. TEX.CODE CRIM.PRO.ANN. art. 42.08 (Vernon 1979) states:

> When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly.

5. See, e.g., *Ex parte Spears,* 154 Tex.Cr.R. 112, 235 S.W.2d 917 (1950); *Ex parte Cox,* 148 Tex.Cr.R. 432, 187 S.W.2d 985 (1945); *Ex parte Lawson,* 98 Tex.Cr.R. 544, 266 S.W. 1101 (1924); Annot., 90 A.L.R.3rd 408 (1979).