OPINION
BURGESS, Justice.
Robert Bruce Clark was indicted for possession of a controlled substance: methamphetamine. In addition, the indictment alleged a prior felony conviction. At a jury trial, the jury found the defendant guilty and assessed his punishment at fifty years confinement in the Texas Department of Corrections, after having found the enhancement count “true”. Mr. Clark appeals bringing forth seven grounds of error.
The first three grounds of error complain of the introduction of three photographs. The objection at trial and the complaint here is that the photographs were admitted without any predicate having been established. All that is required to introduce a photograph is testimony from a witness that the photograph truly and accurately represents the object or scene. Williams v. State, 461 S.W.2d 614 (Tex.Crim.App.1971).
The exchange concerning the actual tender and admission of the exhibits is as follows:
“Q. I’m going to show you what’s been marked for identification purposes as State’s Exhibits Numbers ‘Twelve’, ‘Thirteen’ and ‘Fourteen’. I’ll ask you to look at those and tell the Court if you can identify the car and the individual in those pictures? (exhibiting)
“A. (examining) Yes, I can.
“Q. And whose car is that?
“[DEFENSE COUNSEL]: Your Honor, I object, Number One: Until they are introduced, and Number Two: That’s asking her for a legal conclusion, as to whose car that is.
“THE COURT: What’s the numbers, Mr. [PROSECUTOR], ‘Twelve’, ‘Thirteen’ and ‘Fourteen’?
“[PROSECUTOR]: Yes, sir.
“THE COURT: That objection is sustained, due to the fact they are not in evidence.
“[PROSECUTOR]: Okay. I’m just trying to get them identified. State tenders State’s ‘Twelve’, ‘Thirteen’ and ‘Fourteen’ at this time, (tendering)
“THE COURT: Any objection?
*563 “[DEFENSE COUNSEL]: (examining) Object on the basis that no predicate has been set forth by Counsel.
“THE COURT: Overruled. ‘Twelve’,
‘Thirteen’ and ‘Fourteen’ are admitted.”
Prior to this exchange, another witness testified:
“Q. I hand you what’s been marked for identification purposes as ‘State’s Exhibits Numbers Twelve’ ‘Thirteen’ and ‘Fourteen’, and ask if you can identify these? (exhibiting)
“A. (examining) Yes, I can.
“Q. And where did you first see these photographs?
“A. These photographs were inside a photo album that was inside the blue Corvette.
“Q. And did you remove the entire photo album, in addition—
“A. Yes.
“Q. —to these pictures?
“A. Yes, I did.
“Q. Okay. And I want to ask you if you would, to compare the blue Corvette that you seized and brought back to the Police Station, with the blue Corvette that’s in these pictures, and ask if they appear to you to be the same?
“A. They are the same Corvette.
“Q. I’ll ask you to look at the man who is in these photographs with the Corvette, and ask you if you can identify him?
“A. Yes, I can.
“Q. Who is that?
“A. This is Robert Bruce Clark.
“Q. Is Robert Bruce Clark in the courtroom here today?
“A. Yes, he is.
“Q. Would you point him out for the Record?
“A. He is the person seated to the left of Defense Counsel, in the light blue shirt, and, I believe, gray slacks.”
While neither of the witnesses stated the “magic words”, their testimony was sufficient to show that the photographs fairly and accurately depicted the object. See Fobbs v. State, 468 S.W.2d 392 (Tex.Crim.App.1971). Grounds of error numbers one through three are overruled.
Ground of error number four alleges the trial court committed error in the admission of State’s exhibit number 17. This exhibit was a portion of a written offense report. The subject of the written report surfaced as follows:
“Q. Detective Collins, did you prepare a report of this particular offense?
“A. Yes, sir.
“Q. Did you prepare only one report of this particular offense?
“A. Yes, sir.
“[DEFENSE COUNSEL]: May I have a moment, Your Honor?
“[PROSECUTOR]: (tendering)
“THE COURT: Yes, sir.
“[DEFENSE COUNSEL]: (examining)
“Q. Detective Collins, I noticed — It’s probably nothing, but I noticed right off the bat, on your offense report, here, when you were writing this report, up until the part that you started describing Robert Clark taking something from the jacket—
“[DEFENSE COUNSEL]: May I show him the report?
“THE COURT: Yes, sir.
“Q. You typed all this business in single spaced? Okay?
“A. Yes, sir.
“Q. And, then, when you start talking about this stuff about Robert taking a can off of — off of his jacket, you skip a line, and you start double spacing.
Is there any particular reason for that?
“A. Yes, sir. That particular report is not typed by myself, per se. We have a system at the Port Arthur Police Department, called the ‘Code Four System’, and our reports are dictated on the machine, and the secretary types them. That day, the typewriter broke, and she went back and was typing it like that.
“Q. Oh, the typewriter broke. That’s why you decided right at that point to change typists."
Thereafter, the state tendered the exhibit in the following manner:
*564 (WHEREUPON, an offense report, tendered by counsel for the State of Texas, was marked for identification by the Reporter as “State’s Exhibit Number Seventeen”, and was returned to counsel for the State of Texas:)
“[PROSECUTOR]: I want to tender a piece of evidence, and [DEFENSE COUNSEL] mentioned he wants to object, so, I would like to take it up outside the presence of the jury, first of all.
“THE COURT: What is it?
“[PROSECUTOR]: It’s a copy of Page Two of Mr. Clark’s offense report—
“THE COURT: What?
“[PROSECUTOR]: Excuse me. Officer Collins’ offense report.
“THE COURT: What’s the number?
“[PROSECUTOR]: State’s Exhibit Number Seventeen.
“THE COURT: On what basis do you tender?
“[PROSECUTOR]: The officer was cross-examined in connection with this page, in particular, in connection with the different types.
“THE COURT: The size of the type?
“[PROSECUTOR]: Yes.
“THE COURT: And what’s the legal basis, please, the Rule that would make it admissible?
“[PROSECUTOR]: The Rule — uh—that he was cross-examined in connection with this offense report, and this page in particular, and we offer it on that basis. I’d like to offer the whole thing.
“[PROSECUTOR]: Your Honor, I believe he put into issue whether or not, by the form of the question, whether — because of the appearance of the type, the last part of this page may have been inserted at a later time. I believe that was his reason for questioning the way he did.
“THE COURT: Sure.
“[PROSECUTOR]: The facts on here do not relate to any other offense that has been crossed out; they relate to facts that have been testified to. I believe once he puts them in issue, as he did, that we are entitled to show the jury and let them judge for themselves whether the officer tried to put something over on the jury, so-to-speak.
“THE COURT: What’s your objection?
“[DEFENSE COUNSEL]: My objection, number one, is that it is hearsay; and number two, it constitutes bolstering of the State’s testimony; and, number three, part of it is whited out, and the jury can’t help but wonder why it is whited out.
“[PROSECUTOR]: Your Honor, as to the last portion, I would like to put in the entire thing, but, actually, wouldn’t because I think it might be reversible.
“THE COURT: The form of the instrument is what was attacked by Mr. [DEFENSE COUNSEL].
“[PROSECUTOR]: Yes, sir.
“THE COURT: Your witness has testified to what the thing looks like. He testified to that as to you all’s question. He testified the first part was single spaced, and the second part was double spaced. That evidence is before the jury, according to what the officer said. To allow the instrument, itself, in for the form, would allow the substance, also, the words, whatever is in there. And I’m not so sure 38.24 allows that.
I see the position you are taking, and it makes sense, but I don’t think it’s admissible under 38.24.
I’ll overrule him on the tender. You all find some Authority and I’ll — or something where some Court says it is appropriately admissible, and I will be glad to take another look at it, but at this time, the objection is sustained.”
Still later, after the state had rested and a brief hearing had been held, but before the defense had presented any evidence before the jury, the following transpired:
“[PROSECUTOR]: I would like to tender State’s Exhibit Number Seventeen.
“THE COURT: You really want to do that?
“[PROSECUTOR]: Yes, sir.
*565 “THE COURT: All right. 'Seventeen' is admitted over your objection, Mr. [DEFENSE COUNSEL].”
Why the trial court changed his ruling is only subject to speculation. We believe, however, his initial ruling was correct and he erred in allowing the report into evidence. The error is not, however, reversible error. The witness had testified to the matters contained in the report. Whatever was hearsay in the report was not so injurious to the appellant as to call for reversal. Ground of error number four is overruled.
Ground of error number five questions the sufficiency of the evidence. The ground is predicated on the premise that the chemist testified the substance found was a salt of methamphetamine, and thus there is insufficient evidence to prove the substance was methamphetamine. The relevant statute, TEX.REV.CIV.STAT.ANN. art. 44-76-15, sec. 2.04(d), (Vernon 1976) provides:
“(d) Unless listed in another schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances having a potential for abuse associated with a stimulant effect on the central nervous system:
(1) amphetamine, its salts, optical isomers, and salts of its optical isomers;
(2) methamphetamine, including its salts, isomers, and salts of isomers;
(3) methylphenidate and its salts; and
(4) phenmetrazine and its salts.... ”
The language of the statute is quite plain, the salts of methamphetamine are included within the definition of methamphetamine. Had the definition not contained the word "including”, but simply listed “its salts, isomers and salts of isomers” then one might argue the legislature intended them to be considered separate items and the proof of one would not sustain a conviction for the other. This is not the case. Ground of error number five is overruled.
Grounds of error numbers six and seven complain of the prosecutor’s jury argument. The appellant complains of three instances. The trial court properly sustained the defense counsel’s objection and admonished the jury in two of the instances. This was sufficient to remove any harm that might have been created. Hudson v. State, 675 S.W.2d 507 (Tex.Crim.App.1984). The other instance was a simple response to remarks made by defense counsel. It was “invited” and proper. Alejandro v. State, 493 S.W.2d 230 (Tex.Crim.App.1973). No error has been shown. These two grounds of error are overruled. The judgment to the trial court is affirmed.
AFFIRMED.