IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1946-04






JOSEPH LINO BARELA, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


EL PASO COUNTY





 Johnson, J., delivered the opinion for a unanimous Court.


O P I N I O N 



 Appellant was indicted in Arizona for armed robbery, two counts of aggravated assault, and
two counts of attempted first-degree murder, all stemming from a 1999 hotel robbery during which
appellant robbed two victims and then shot each in the neck. The victims sustained serious injuries,
but survived. Appellant signed a "stipulated guilty plea" by which he agreed, in exchange for the
dismissal of the remaining charges, to plead guilty to two counts of the lesser-included offense of
attempted second-degree murder and waive his right to appeal the sentence or judgment. The
Arizona trial court accepted and entered appellant's guilty pleas after finding that the pleas were
knowingly and voluntarily made. The court then reset the matter for sentencing, but before the date
of the sentencing hearing, appellant escaped from jail and fled, eventually coming to Texas. Arizona
subsequently issued a bench warrant for appellant's arrest. 

 In 2000, a Texas grand jury indicted appellant on two counts of aggravated robbery in
violation of Tex. Penal Code § 29.03. Appellant plead not guilty to the charges. During a pretrial
hearing, appellant's counsel filed an application for probation that stated that appellant had no felony
convictions in any state and informed the trial court that he was filing a motion in Arizona to
withdraw appellant's plea in those cases. (1) 

 During the guilt phase, the state presented evidence that appellant and a companion had
approached two individuals on a secluded scenic overlook in El Paso and demanded money and car
keys. Appellant then shot both individuals, despite their compliance with appellant's demands.
Again, both victims sustained serious injuries, but survived. 

 During the punishment phase of the trial, a third participant in the robbery, the getaway
driver, testified that appellant participated in at least five other robberies that same night, both before
and after the charged offenses, shot one of the other victims in the stomach, and fired on another
group of victims as they fled in their car. The state also presented evidence of the Arizona offenses. 

The jury convicted appellant and sentenced him to forty years in the Texas Department of Criminal
Justice-Correctional Institutions Division (TDCJ-CID). At sentencing, the state asked the court to
cumulate appellant's sentence in this case with the Arizona case, pursuant to Tex. Code Crim.
Proc. art. 42.08(a). The trial court granted the state's motion and ordered that the sentence in this
case not begin until appellant completed his sentence in Arizona.

 Appellant appealed, asserting that the trial court abused its discretion by cumulating his
Texas and Arizona sentences because he had not been sentenced in Arizona before he was sentenced
in Texas. Relying on Pettigrew v. State, (2) Phillips v. State, (3) and Arizona case law, (4) the court of
appeals concluded that the cumulation order in appellant's case was proper; Tex. Code Crim. Proc. 
art. 42.08(a) focuses on the order of conviction, not the order of sentencing and, under Arizona law,
appellant was convicted in Arizona at the time the trial court entered his plea. Thus, appellant was
convicted in Arizona before he was convicted in Texas. Barela v. State, 2004 Tex. App. LEXIS
8802, No. 08-02-00492-CR (Tex. App.- El Paso, delivered Sept. 30, 2004, not designated for
publication). Appellant petitioned this Court for discretionary review. We granted review on two
grounds. (5) We affirm.

 Appellant reasserts his contention that the cumulation order was improper because he was
not sentenced in Arizona before he was sentenced in Texas and, therefore, no preceding conviction
with which to cumulate the Texas sentence existed. Appellant also contends that the court of appeals
misconstrued the meaning of the term "conviction" in Tex. Code Crim. Proc. art. 42.08(a) because
his sentence in the Arizona case was neither "imposed" nor "suspended" by the trial court as required
in Pettigrew v. State and that the court of appeals erroneously applied the statutory definition of
"conviction" as used in Arizona enhancement laws to justify the cumulation order in Texas. 

 A trial court's ability to cumulate sentences is governed by Tex. Code Crim. Proc. art.
42.08(a): 


When the same defendant has been convicted in two or more cases, judgment and
sentence shall be pronounced in each case in the same manner as if there had been
but one conviction . . . in the discretion of the court, the judgment in the second and
subsequent convictions may either be that the sentence imposed or suspended shall
begin when the judgment and the sentence imposed or suspended in the preceding
conviction has ceased to operate, or that the sentence imposed or suspended shall run
concurrently with the other case or cases, and the sentence and execution shall be
accordingly. 


At the time of sentencing, there must be before the court both evidence of the former conviction and
evidence that the defendant was the same person previously convicted. Turner v. State, 733 S.W.2d
218, 221 (Tex. Crim. App. 1987). (6)

 The relevant version of the statute contains no language that limits cumulation of multiple
sentences to only defendants who are confined by the Texas Department of Corrections in all the
cases identified in the cumulation order. (7) The deletion in 1987 of such limiting language effectively
authorized cumulation with sentences from other jurisdictions. Johnson v. State, 930 S.W.2d 589,
591 (Tex. Crim. App. 1996); Cook v. State, 824 S.W.2d 634, 641-43 (Tex. App.-Dallas 1991, pet.
ref'd). 

 Appellant places significant weight on this Court's decision in Pettigrew v. State, but his
reliance is misplaced. We noted in Pettigrew that the issue presented was whether a conviction
occurs, for the purpose of cumulation, when a sentence is imposed or suspended. Pettigrew, 48
S.W.3d at 771. We found that, for cumulation purposes, a conviction occurs when a sentence is
either imposed or suspended. Id. Appellant's case is distinguishable from Pettigrew in that the
sentence from appellant's previous conviction in Arizona was neither imposed nor suspended
because appellant escaped from jail. Clearly, Pettigrew did not contemplate the unique situation
which was presented to the trial court. Thus, as the court of appeals correctly noted, (8) Pettigrew is
not directly on point and is relevant only to the extent that it allows a trial court flexibility in
cumulating sentences. 

 Intertwined with this analysis is appellant's second ground for review, in which he argues
that the court of appeals erred in assuming that a "conviction," as defined under Arizona law for
purposes of its enhancement laws, should define the meaning of "conviction" as used in the Texas
cumulation statute.

 This court has noted previously that the word "conviction" means different things in different
statutes. Ex parte Evans, 964 S.W.2d 643, 647 (Tex. Crim. App. 1998). Presumably, therefore, the
word "conviction" may have differing definitions in other jurisdictions as well. As the court of
appeals correctly pointed out, in Texas "the word 'conviction' always involves an adjudication of
guilt." Barela at *10 (citing McNew v. State, 608 S.W.2d 166, 172 (Tex. Crim. App. 1978)). Under
Arizona law, a person "is 'convicted' when there has been a determination of guilt by verdict,
finding, or acceptance of a guilty plea." State v. Thompson, 200 Ariz. 439, 441 (2001)(emphasis
added). Appellant was adjudicated guilty of both of the attempted second-degree-murder charges
in Arizona (9) and the aggravated robbery charges in Texas. No conflict-of-law issue is present in
appellant's case because both Texas and Arizona define the term "conviction" to involve an
adjudication of guilt. (10) 

 Appellant also urges this Court to follow the canons of statutory construction and the plain
meaning of Tex. Code Crim. Proc. art. 42.08. Generally, courts should interpret a statute in light
of its plain language. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991). The plain
language of Tex. Code Crim. Proc. art. 42.08(a) emphasizes that only a second or subsequent
conviction can be cumulated with a prior conviction. It is the order of conviction, rather than the
order of sentencing, that is important when contemplating the propriety of a cumulation order. There
is no requirement that a sentence must be imposed in the first conviction before a stacked sentence
can be imposed in any subsequent sentence. Nicholas v. State, 56 S.W.3d 760, 766 (Tex. App.-
Houston [14th Dist.] 2001, pet. ref'd). A defendant cannot begin to serve the sentence in the
subsequent conviction until the sentence in the preceding conviction is completed if the sentences
are to run consecutively, but there is no language in Article 42.08(a) that indicates when the sentence
in the preceding conviction must occur. Jason v. State, 1991 Tex. App. LEXIS 1000 (Tex.
App.-Houston [1st Dist.] 1991, pet. ref'd). Therefore, the fact that appellant was not formally
sentenced before his escape is not relevant to the propriety of the cumulation order.

 At the time of sentencing, the state introduced certified copies of the following documents
to show that appellant was the same person previously convicted: (1) the Arizona indictment; (2) the
change of plea order; (3) appellant's stipulated guilty plea; (4) the order setting time for judgment;
and (5) appellant's bench warrant after he failed to appear for sentencing. Appellant's stipulated
guilty plea listed the number and correct name of the trial court in which the prior conviction was
had, the possible term of years of the prior conviction, and the nature of the prior conviction. The
state also presented testimony, outside of the jury's presence, by Derek Carlisle, the deputy county
attorney who had prosecuted appellant in Arizona, to connect appellant to the previous conviction. 
The trial court thus had sufficient evidence of appellant's prior Arizona conviction before it
exercised its judicial discretion to cumulate the sentences. 

 The cumulation order issued by the court of appeals in appellant's case is proper under the
plain language of Tex. Code Crim. Proc. art. 42.08(a). We affirm the judgment of the court of
appeals.

 Johnson, J.

En banc

Delivered: December 7, 2005

Publish 








1. The Arizona court denied this request shortly after the Texas pretrial hearing, subject to the motion being
renewed when appellant returned to Arizona. Just before trial in this case began, and two years after appellant
entered his pleas of guilty in Arizona, he filed notice of appeal in those cases.
2. 48 S.W.3d 769 (Tex. Crim. App. 2001).
3. 704 S.W.2d 557 (Tex. App.-Beaumont 1986, pet. ref'd).
4. State v. Thompson, 200 Ariz. 439 (2001).
5. "
(1) Whether the court of appeals erred in allowing the trial court to stack petitioner's 40-year prison
sentence onto any punishment petitioner might later receive concerning earlier convictions for which he had not been
adjudged guilty and sentenced;"

 "(2) Whether the court of appeals erred in assuming that a 'conviction'-as defined under Arizona law for
purposes of its enhancement laws-should define the meaning of 'conviction' as used in the Texas cumulation statute
codified as C.C.P. Article 42.08."
6. In Banks v. State, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986), this Court has recommended five
requirements for a proper cumulation order: (1) the trial court number of the prior conviction; (2) the correct name of
the court where the prior conviction was had; (3) the date of the prior conviction; (4) the term of years of the prior
conviction; and (5) the nature of the prior conviction. However, we also note that orders containing fewer than the
recommended number of elements have been upheld. Williams v. State, 675 S.W.2d 754, 764 (Tex. Crim. App.
1984).
7. See Ex parte Young, 684 S.W.2d 704, 707 (Tex. Crim. App. 1985); Sturgis v. State, 657 S.W.2d 813, 815
(Tex. App.-Eastland 1982, pet. aff'd)(illustrating the limitations of Tex. Code Crim. Proc. art. 42.08 before the
1987 amendment).
8. Barela at *10.
9. The Texas trial-court record also indicates that appellant's counsel conceded during a motion in limine
hearing that appellant had been convicted in Arizona.
10. Even if one assumes that a conflict of law exists, under most circumstances the forum court uses the
substantive law, including definitions of terms used in its statutes, of the foreign jurisdiction and its own procedural
rules. Restatement (second) of conflicts of law § 122, Cmt. b.