NO.
12-04-00359-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

MARLAND D. COOPER,    §                      APPEAL
FROM THE SEVENTH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Marland D.
Cooper appeals the sentence he received after pleading guilty to the offense of
possession of a controlled substance.  In
one issue, Appellant complains that the written judgment differs from the oral
recitation of his sentence.  We affirm as
modified.

 

Background

            The police stopped Appellant on
Interstate 20 and arrested him after they discovered approximately four hundred
grams of methamphetamine and three kilograms of cocaine in his truck.  A Smith County grand jury indicted Appellant
for possession of cocaine and for possession of methamphetamine in two separate
indictments. Appellant pleaded guilty to each indictment.[1]  Before the sentencing hearing, the State
filed a motion to cumulate the sentences in the two cases.  The trial court granted the motion, but only
to the extent that it allowed separate sentencing hearings to preserve its
discretion to assess cumulative sentences. 


            The trial court conducted a
sentencing hearing for this case and assessed punishment at thirty–two years of
imprisonment and a fine of ten thousand dollars.  The trial court made no announcement
regarding whether the sentence would be cumulated.  In a separate hearing later the same day, the
trial court assessed punishment in the cocaine case at forty years of
imprisonment and a fine of ten thousand dollars and ordered the sentence to be
served consecutively to the sentence in this case.[2]  The written judgment in this case, dated five
days later, orders that the sentence in this case is to be served consecutively
to the sentence in the cocaine case. 
This appeal followed.  Appellant
did not appeal his conviction in the cocaine case.

 

Consecutive
Sentence

            In his sole issue, Appellant argues
that the sentence in this case should be served concurrently to the sentence in
the cocaine case.

Applicable Law

            A trial court may order any sentence
to be served either concurrently with or consecutively to another so long as
the punishments are not assessed in the same proceeding.  Tex.
Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2005).  However, a trial court’s discretion to
cumulate sentences must be exercised at the time the sentence is orally
pronounced.  Ex parte Vasquez,
712 S.W.2d 754, 755 (Tex. Crim. App. 1986). 
The oral pronouncement of sentence controls if it conflicts with the
written judgment.  Ex parte Madding,
70 S.W.3d 131, 136–37 (Tex. Crim. App. 2002); see also Ex parte Brown,
477 S.W.2d 552, 554 (Tex. Crim. App. 1972). 


Analysis

            The trial court separated the
sentencing hearings for this case and the cocaine case.  Before it began the sentencing hearing in
either case, the court specifically stated that it would reserve judgment as to
whether the sentences would be served consecutively until it had heard all of
the evidence.  The trial court ordered
the sentence in the cocaine case to be served consecutively to the sentence in
this case.  However, there is a conflict
between the oral pronouncement of sentence in this case, which makes no mention
of cumulation, and the written judgment in this case, which orders the sentence
to be served consecutively to the sentence in the cocaine case.

            After careful review, we are
convinced that the written judgment accurately reflects what the trial court
did on the day of sentencing, which was to cumulate the sentences, but it does
not accurately reflect precisely how the court did it.  The trial court did not order cumulation of
this sentence with the sentence in the cocaine case.  Rather, it ordered cumulation of the sentence
in the cocaine case with the sentence in this case.  This is consistent with article 42.08(a),
which provides for cumulation of “second and subsequent convictions.”  Tex.
Code Crim. Proc. Ann. art. 42.08(a); Barela v. State, 180
S.W.3d 145, 149 (Tex. Crim. App. 2005).[3]  

            The trial court reserved a finding
of guilt in each case until the sentencing hearings.  It conducted the sentencing hearing in this
case first so the cocaine case is the “second and subsequent conviction.”  Therefore, it was that sentence that could
have been, and was, cumulated with the sentence in this case.[4]


            The written judgment differs from
the oral pronouncement of sentence where it orders the sentence to be served
consecutively to the sentence in the cocaine case.  We believe the variance is a typographical
error.[5]  We have the authority to modify the trial
court’s judgment when we have the necessary information before us to do
so.  Tex.
R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d 26, 27–28
(Tex. Crim. App. 1993).

            We have sufficient information to
modify the trial court’s judgment, but the relief requested is overly
broad.  Appellant asks us to order this
sentence to be served concurrently with the sentence in the cocaine case.  But it is clear that the trial court did not
make any order at all with respect to how the sentence in this case was to be
served and that it ordered the sentence in the cocaine case to be served
consecutively to the sentence in this case. 
Therefore, we sustain Appellant’s sole issue in part.

 

Conclusion

            We modify the judgment
in cause number 007–0148–04 and replace the language “Thirty–two (32) years
TDCJ–ID and $10,000.00 fine to run consecutively with cause no. 007–0149–04”
with “Thirty–two (32) years TDCJ–ID and $10,000.00 fine.”  We affirm the trial court’s
judgment as modified.

 

 

 

                                                                                                    DIANE DEVASTO   

                                                                                                                 Justice

 

 

Opinion delivered May 10, 2006.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)











[1] This case will be
referred to as the “methamphetamine case,” and the other case, which was not
appealed, will be referred to as the “cocaine case.”





[2] On Appellant’s motion,
we ordered the clerk to prepare a partial clerk’s record from the cocaine
case.  A reporter’s record for the
cocaine case has not been prepared.





[3] We are mindful that a
trial court’s ability to assess consecutive sentences is flexible.  See, e.g., Barela, 180
S.W.3d at 148.  We do not decide that the
trial court could not have ordered the sentence in this case to be served
consecutively to the other sentence, only that it did not.





[4] In fact, if the trial
court had ordered each case to be served after completion of the other—creating
an infinite loop—Appellant would have been entitled to relief to the extent
that he need only serve each sentence one time. 
See Nicholas v. State, 56 S.W.3d 760, 767 (Tex. App.–Houston
[14th Dist.] 2001, pet. ref’d).





[5] We have considered the
State’s argument that a presumption of regularity should prevail and that the
written judgment should control.  We
cannot accept that argument here because we have a complete record of the
sentencing hearing in this case, and the trial court did not order that this
sentence be served consecutively with the other.  Compare Dutton v. State,
836 S.W.2d 221, 228 (Tex. App.–Houston [14th Dist.] 1992, no pet.)(order
granting motion to cumulate not recorded in the reporter’s record.).