

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00115-CR

_____

ANTONIO FREEMAN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 35,995-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Antonio Freeman waived his right to a jury trial and submitted the issue of innocence or guilt to the trial court with respect to the indictment's three counts charging sexual assault. *See* TEX. PENAL CODE ANN. § 22.011 (Vernon Supp. 2008). The date of the alleged offenses was July 2, 2007. The trial court's cause number, which is now on appeal, was 35,995-B. The trial court found Freeman guilty as charged in each count of the indictment and assessed his punishment at twenty years' imprisonment. The trial court ordered that Freeman not be allowed to begin serving the sentence assessed for these charges until he first completes serving his thirty-year sentence for a burglary of a habitation conviction in a different Gregg County case. Freeman now appeals, contending the trial court's "stacking" order is not supported by sufficient evidence. We affirm.

Our law accords trial courts with a great degree of discretion in deciding whether to order sentences to run consecutively or concurrently.

> [I]n the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases . . . .

TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon 2006). "In light of the discretion granted to the trial court by Article 42.08(a), we review a complaint about consecutive sentences for an abuse of that discretion." *Malone v. State*, 163 S.W.3d 785, 803 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Macri v. State*, 12 S.W.3d 505, 511 (Tex. App.—San Antonio 1999, pet. ref'd)). A trial court abuses its discretion when it acts without reference to guiding rules or principles of law, or when it

2

otherwise acts outside the wide zone of reasonable disagreement. *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); *Warren v. State*, 236 S.W.3d 844, 846 (Tex. App.—Texarkana 2007, no pet.). When it comes to cumulating sentences, the trial court must, at the time of sentencing, have before it "both evidence of the former conviction and evidence that the defendant was the same person previously convicted." *Barela v. State*, 180 S.W.3d 145, 148 (Tex. Crim. App. 2005).

On March 28, 2008, the State filed a motion to cumulate any sentence Freeman received in the case now on appeal with any sentence assessed in another pending case, cause number 36,247-B then pending in the 124th Judicial District Court of Gregg County, in which Freeman was charged with burglary of a habitation.[1] The trial court's judgment in the case now on appeal recites that the lower court ordered Freeman's sentence in this case (trial court cause number 35,995-B) not commence until after Freeman first completed service of the thirty-year sentence assessed in the burglary case (trial court cause number 36,247-B).

State's exhibit 9, admitted at trial without objection, is a judgment of conviction by a jury in Gregg County cause number 36,247-B; the April 1, 2008, judgment is for a case styled "State of Texas v. Antonio Freeman" then pending in the 124th Judicial District Court of Gregg County, reflects a sentence of thirty years' imprisonment, and was for the crime of burglary of a habitation alleged to have been committed August 4, 2006.

---

[1]*See* TEX. PENAL CODE ANN. § 30.02 (Vernon 2003) (defining crime of burglary).

During trial, Freeman admitted on cross-examination that he had been convicted of burglary of a habitation on April 1, 2008. He further admitted he received a sentence of thirty years' imprisonment on that charge.

While the State did not bring forth a fingerprint expert to testify that the Antonio Freeman then on trial in cause number 35,995-B was the same person whose fingerprints appear on the judgment of conviction against Antonio Freeman in cause number 36,247-B, the trial court had before it testimony from Freeman himself that he had been convicted of burglary of a habitation on the same date of conviction that appears in the judgment for 36,247-B, and was assessed the same sentence as appears in the judgment for 36,247-B, and was taken against a person with the same name as the defendant in this case. We believe this evidence is sufficient to support the trial court's finding that the Antonio Freeman being sentenced in cause number 35,995-B was the same person previously sentenced in cause number 36,247-B. Accordingly, no abuse of discretion has been shown.[2]

---

[2]The State also suggests that the same judge presided over the trials of both 35,955-B and 36,247-B. While the judgment of conviction was out of the same court, the judgment in 36,247-B was actually signed by the presiding judge of the 188th Judicial District Court of Gregg County, presumably under the authority of district courts of the same geographic jurisdiction to transfer cases amongst themselves. *See* TEX. GOV'T CODE ANN. § 24.303(a) (Vernon 2004). Thus, the record will not support the inference that the judge who presided over the trial court of the case now on appeal had personal knowledge of Freeman's previous conviction vis-a-vis having actually presided over that earlier trial. Nevertheless, the trial court had ample additional evidence with which to connect Freeman to that other conviction.

We affirm the trial court's judgment.

Jack Carter
Chief Justice

Date Submitted:     December 10, 2008
Date Decided:       December 11, 2008

Do Not Publish