In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00159-CR

                                                ______________________________

 

 

                                    RAYMOND LEE REESE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 124th
Judicial District Court

                                                             Gregg County, Texas

                                                           Trial
Court No. 34609B

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

I.          BACKGROUND

            Raymond
Lee Reese appeared on the first day of his felony trial for driving while
intoxicated (DWI) but after that first day, must have seen the handwriting on
the wall[1]
because he failed to appear for the second day of the trial, January 18, 2006.  Reese’s absence failed to hinder the progress
of the trial; the wheels of justice continued to grind and he was tried in
absentia[2]
on the DWI charge, was found guilty, and was sentenced to seven years’
imprisonment.[3]  The DWI conviction was then not his sole
problem because he was charged by indictment with the further offense of bail
jumping and failure to appear[4]
when he failed to reappear to continue his trial.  After being apprehended, Reese entered a plea
of guilty to the charge of bail jumping and failure to appear on October 9,
2006.  Reese was sentenced to five years’
imprisonment for the bail jumping/failure to appear offense, which sentence was
ordered to run consecutively with the seven-year sentence imposed as a result of
his DWI conviction.[5]  

            Reese
waived his right to file a direct appeal, but was granted an out-of-time appeal
after having filed an application for a writ of habeas corpus with the Texas Court
of Criminal Appeals.  The Texas Court of
Criminal Appeals held that the waiver did not bar Reese from appealing issues
related to his sentence.  

            On
his appeal of the bail jumping/failure to appear conviction, Reese claims that
the trial court erred in ordering the two sentences (DWI and bail jumping/failure
to appear) to be served consecutively, assuming the position that:  (1) Section 3.03 of the Texas Penal Code
mandates concurrent sentencing because the offense of bail jumping/failure to
appear is tied to the offense of DWI, maintaining that both offenses of which
he was convicted are part of the same criminal episode; and (2) the court did
not impose the sentence for Reese’s DWI conviction until after imposition of
sentence for the bail jumping/failure to appear conviction.

            Because
we find no error on the part of the trial court in ordering these two sentences
to run consecutively, we affirm the order cumulating the two sentences.

II.        ANALYSIS

            Article 42.08(a)
of the Texas Code of Criminal Procedure[6]
gives the trial court the discretion to cumulate sentences; therefore, a
complaint about consecutive sentences is reviewed using an abuse of discretion
standard.  Tex. Code Crim. Proc. Ann. art. 42.08(a); Malone v. State, 163 S.W.3d 785, 803
(Tex. App.––Texarkana 2005, pet. ref’d).

            The Concurrent-Sentence Provision of Texas Penal Code Section 3.03 Does
Not Apply

            Section
3.03 of the Texas Penal Code limits the trial court’s discretion in cumulating
(stacking) sentences:  

When the accused is found guilty of more than one
offense arising out of the same criminal episode prosecuted in a single
criminal action, a sentence for each offense for which he has been found guilty
shall be pronounced.  Except as provided
by Subsection (b), the sentences shall run concurrently. 

 

Tex.
Penal Code Ann. § 3.03(a) (Vernon Supp. 2009).  The Legislature has defined “criminal episode”
as:

[T]he commission of two or more offenses,
regardless of whether the harm is directed toward or inflicted upon more than
one person or item of property, under the following circumstances:

 

            (1)        the offenses are committed pursuant to
the same transaction or pursuant to two or more transactions that are connected
or constitute a common scheme or plan; or

 

            (2)        the offenses are the repeated commission
of the same or similar offenses.

 

Tex.
Penal Code Ann. § 3.01 (Vernon 2003).

            Reese
contends the offenses of bail jumping/failure to appear and DWI are part of the
same “criminal episode” in accord with the definition of that phrase set forth
in the above statute. When two or more offenses are part of the same criminal
episode, Reese argues, sentences for those offenses must run concurrently, even
when proceedings are separate.  No
authority is cited for this proposition; the lack of any authority cited to
support that claim is quite understandable because we find none.  On the contrary, a plain reading of the
statute mandates the opposite conclusion.  In accord with Section 3.03 of the Texas Penal
Code, sentences are concurrent only if two predicate conditions are first met:  (1) the offenses arise out of the same
criminal episode; and (2) the offenses are prosecuted in a single criminal
action.  See Tex. Penal Code Ann.
§ 3.03(a).

            A
“single criminal action” refers to a single trial or plea proceeding; as such,
a defendant is prosecuted in a “single criminal action” when allegations and
evidence of more than one offense arising out of the same criminal episode are
presented in a single trial or plea proceeding. 
Baker v. State, 107 S.W.3d
671, 673 (Tex. App.––San Antonio 2003, no pet.).  As explained in LaPorte v. State, 840 S.W.2d 412, 414–15 (Tex. Crim. App. 1992):

[A] prosecutor is encouraged to clear case dockets
by trying more than one case in a single trial whenever multiple offenses
arising from a single criminal episode are alleged against a single defendant,
and a defendant benefits by not being burdened with the possibility of
consecutive sentences and a string of trials for offenses arising out of a
single criminal episode.  Section 3.04
provides a defendant the right to have separate trials if he so desires.

 

            Accordingly,
“[i]f the facts show the proceeding is a single criminal action based on
charges arising out of the same criminal episode, the trial court may not order
consecutive sentences.”  Id. at 415.  Therefore, in order to show entitlement to
concurrent sentencing, Reese must establish not only that the offenses arose
out of the “same criminal episode,” but that he was also prosecuted in a “single
criminal action.”  If either predicate is
not proven, the sentences were properly cumulated.  See
Ex parte McJunkins, 954 S.W.2d 39, 40–41
(Tex. Crim. App. 1997) (Section 3.03 comes into effect through trial in single
criminal action of multiple offenses arising from single criminal episode when
State chooses to join offenses in single criminal action and defendant chooses
not to demand severance); Duran v. State,
844 S.W.2d 745, 747 (Tex. Crim. App. 1992).

            Here,
Reese was tried by jury on the DWI charge in January 2006.  Reese then entered a guilty plea to the
charge of bail jumping/failure to appear in October 2006.  Because Reese was not tried in a single trial
or plea proceeding, the predicate showing of prosecution in a single criminal
action cannot be made.  Accordingly, the
mandatory concurrent-sentence provision of Section 3.03 of the Texas Penal Code
does not apply.  Tex. Penal Code Ann. § 3.03 (Vernon Supp. 2009); Duran, 844 S.W.2d at 747.  Because Reese was not prosecuted in a “single
criminal action,” we do not address the issue of whether the offenses here were
part of “the same criminal episode.”

            The Order of Convictions Permits Consecutive Sentencing

            Apart from his
argument that consecutive sentences are not authorized under Section 3.03 of
the Texas Penal Code, Reese complains that the sentence in this case (bail
jumping/failure to appear) was stacked upon a sentence (the DWI) that was not
assessed and imposed at the time the cumulation order was entered October 9,
2006.  The sentence in the DWI case was
assessed by jury January 18, 2006, and imposed by judgment of the trial court
March 7, 2008.  In contrast, the sentence
in this case was assessed and imposed October 9, 2006.  Reese contends that because the trial court
stacked the sentence for bail jumping/failure to appear on a sentence that had
not been imposed at the time sentence was assessed and imposed in this case,
there was no previous sentence in existence upon which the current sentence
could be stacked.  We find no merit in
this contention.

            The
Texas Court of Criminal Appeals has determined that there is no requirement
that the sentence in the first conviction be imposed before a sentence in a
second conviction can be cumulated with the first sentence.  Barela
v. State, 180 S.W.3d 145, 149 (Tex. Crim. App. 2005).  In that case, Barela pled guilty in Arizona
to two counts of attempted second-degree murder.  After the plea was accepted and entered, the
court reset the matter for sentencing. 
Barela escaped from jail and absconded, fleeing to Texas prior to the
date of the sentencing hearing.  Once in
Texas, Barela was indicted and convicted of two other counts of aggravated
robbery and sentenced to forty years’ imprisonment.  At sentencing, the court ordered that the
sentence in the aggravated robbery case not commence until Barela completed his
sentence in Arizona.  Id. at 146–47.

            On
appeal, Barela asserted the trial court abused its discretion by cumulating the
sentences because he was sentenced in Texas before he was sentenced in
Arizona.  The Texas Court of Criminal
Appeals affirmed the court of appeals’s conclusion that the cumulation order
was proper. Id. at 147.  In reaching this conclusion, the court
recognized that Article 42.08 of the Texas Code of Criminal Procedure focuses
on the order of conviction, not the order of sentencing, and under Arizona law,
Barela was convicted in Arizona at the time the trial court entered his
plea.  The plain language of Article
42.08(a) of the Texas Code of Criminal Procedure emphasizes that a subsequent
conviction can be cumulated with a prior conviction.  Id.
at 149.  “It is the order of conviction,
rather than the order of sentencing, that is important when contemplating the
propriety of a cumulation order.”  Id. 
The court recognized that there is no statutory requirement that a
sentence must be imposed in the first conviction before a stacked sentence may
be imposed in a subsequent sentence.  Id. (citing Nicholas v. State, 56 S.W.3d 760, 766 (Tex. App.––Houston [14th
Dist.] 2001, pet. ref’d)).

            The
fact that Reese was not formally sentenced in the DWI case before he was
formally sentenced in the bail jumping/failure to appear case is not relevant
to the propriety of the cumulation order. 
Barela, 180 S.W.3d at
149.  We find no abuse of discretion on
the part of the trial court in entering the cumulation order in accordance with
Article 42.08 of the Texas Code of Criminal Procedure.  Tex.
Code Crim. Proc. Ann. art. 42.08 (Vernon Supp. 2009).

            We
affirm the judgment of the trial court.

 

 

                                                            Bailey
C. Moseley

                                                            Justice

 

Date Submitted:          February
9, 2010

Date Decided:             February
10, 2010

 

Publish











[1]Daniel
5:5.

 





[2]See Tex.
Code Crim. Proc. Ann. art. 33.03 (Vernon 2006).

 





[3]Reese’s
appeal of his DWI conviction to this Court in cause number 06-08-00047-CR was
affirmed. In that appeal, Reese complained, inter
alia, of the cumulation order. 
Because Reese did not appeal the trial court’s judgment in the failure
to appear case, this Court held that it lacked jurisdiction to address the
merits of the cumulation order.  Reese v. State, 273 S.W.3d 344, 348
(Tex. App.––Texarkana 2008, no pet.).

 





[4]Tex. Penal Code Ann. § 38.10 (Vernon
2003).

 





[5]Although
the jury assessed punishment at seven years’ imprisonment on January 18, 2006,
for Reese’s DWI conviction, he was not formally sentenced for that conviction
until March 7, 2008.  Reese’s sentence
for the DWI conviction was made subject to the cumulation order issued in the
judgment of conviction by the trial court on the charge of bail jumping and
failure to appear.  





[6]Article
42.08 of the Texas Code of Criminal Procedure provides, in relevant part:

                (a)           When the same defendant has been convicted in two or more
cases, judgment and sentence shall be pronounced in each case in the same
manner as if there had been but one conviction. . . . [I]n the discretion of the
court, the judgment in the second and subsequent convictions may either be that
the sentence imposed or suspended shall begin when the judgment and the
sentence imposed or suspended in the preceding conviction has ceased to
operate, or that the sentence imposed or suspended shall run concurrently with
the other case or cases . . . . 

Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon Supp. 2009).