

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00150-CR

SHARISSA VALENE TOLLISON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court No. 64,550-E, Honorable Douglas Woodburn, Presiding

October 29, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Sharissa Valene Tollison, appeals from a judgment revoking her community supervision and sentencing her to two years confinement and a fine of $5,000 for the offense of theft with two prior convictions of theft. She contends 1) she did not receive effective assistance of counsel because the trial court denied her the right to make a closing argument and 2) the order cumulating her sentence was void. We affirm the judgment.

*Assistance of Counsel*

Appellant argues that she was denied the effective assistance of counsel since she was not afforded the right to present closing argument. However, the complaint was not preserved.

To preserve error, not only must the defendant inform the trial court of his desire to make closing argument but the trial court must also refuse it. *Habib v. State*, 431 S.W.3d 737, 741-42 (Tex. App.—Amarillo 2014, pet. ref'd). Here, the record reveals that immediately after appellant testified, her counsel asked the court to take judicial notice of a bill of costs. After the court engaged in a brief discussion of those costs, appellant announced "we'll rest," and both parties announced "close." Following that, the court pronounced sentence. Neither the State nor appellant requested an opportunity to present closing argument.[1] Nor did appellant complain about the lack of opportunity to present a closing argument via a motion for new trial. Consequently, appellant failed to preserve her complaint for review.

*Consecutive Sentence*

Next, appellant alleges that the trial court's order that the sentence in this cause run consecutively to another is void. This is purportedly so because the order mandating that the sentences run consecutively insufficiently described the cause, conviction, and sentence which had to expire before the sentence at bar began to run.

---

[1] We do not construe counsel's statement that he "[c]lose[d]" to be a request for closing argument but rather a statement that he closed his evidence. *See State v. Barragan*, 421 S.W.3d 16, 20 (Tex. App.—Waco 2013, no pet.) (noting that after both sides rested and "closed" the evidence, the trial court recessed to prepare the jury charge); *Phillips v. State*, 878 S.W.2d 617, 618 (Tex. App.—Corpus Christi 1994, no pet.) (noting appellant moved to re-open the evidence after both sides had "closed" the evidence prior to the reading of the jury charge or commencement of argument).

Contained in the judgment at bar is the statement:

> The Court ORDERS that the sentence in this conviction shall run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate: 10,989 (Hutchinson County) . . . .

To the extent that simply mentioning a cause number and county or prior conviction insufficiently describes the sentence that must first expire, *see Hicks v. State*, No. 09-12-00474-CR, 2013 Tex. App. LEXIS 8355, at *8-9 (Tex. App.—Beaumont, June 13, 2013 pet. ref'd) (mem. op., not designated for publication) (stating that a "cumulation order . . . which recites only the cause number and county of a prior conviction, is insufficient when the prior judgment is from a different county"), an appellate court may modify the order when the record contains the necessary data for reformation. *Id.*; *see also Banks v. State*, 708 S.W.2d 460, 461 (Tex. Crim. App. 1986) (reforming the written sentence to reflect the record of the proceedings and contain the requisite elements).

Normally there are five items that should be mentioned in a cumulation order. They consist of 1) the trial court number of the prior conviction, 2) the correct name of the court rendering the prior conviction, 3) the date of the prior conviction, 4) the prison sentence rendered in the prior conviction, and 5) the nature of the prior conviction. *Barela v.* State, 180 S.W.3d 145, 148 n.6 (Tex. Crim. App. 2005); *Banks v. State*, 708 S.W.2d at 461. Yet, as recognized by the Court of Criminal Appeals in *Barela*, a cumulation order with less than the five items has been upheld. *Barela v. State*, 180 S.W.3d at 148 n.6. Indeed, such an order will be upheld as long as the description in the judgment is "sufficiently specific to allow the Texas Department of Criminal Justice - Institutional Division (TDCJ - ID), to identify the prior with which the newer conviction is cumulated." *Ex parte San Migel*, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998); *see also*

*Williams v. State*, 675 S.W.2d 754, 764 (Tex Crim. App. 1984) (op. on reh'g). Here, the record contains the identity of the convicted individual (i.e., Sharissa Valene Tollison), the nature of the crime (i.e., theft), the cause number (10,989), the date of the crime resulting in the conviction (i.e., August 16, 2012), the county from which the conviction issued (i.e., Hutchinson County, Texas), and the sentence (i.e., nine months in a state jail facility). The record does not reflect the court rendering the prior conviction or the date of the conviction. Nonetheless, what it does reflect is substantial and sufficiently specific to allow prison authorities to identify the prior conviction with which the newer conviction is cumulated.

Accordingly, we 1) overrule each issue, 2) modify the judgment to read that "the sentence in this conviction shall run consecutively and shall begin only when the judgment and sentence in the following case has ceased to operate: Sharissa Valene Tollison v. State, Cause No. 10,989, Hutchinson County, Texas, for the crime of theft, wherein Tollison received a nine month sentence in a state jail facility," and 3) affirm the judgment as modified.

Brian Quinn
Chief Justice

Do not publish.

4