FILED IN
COURT OF CRIMINAL APPEALS

July 28, 2015

ABEL ACOSTA, CLERK

PD-0213-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 7/28/2015 8:57:11 AM
Accepted 7/28/2015 10:09:55 AM
ABEL ACOSTA
CLERK

# NO. PD-0213-15

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

**THOMAS LEON BYRD,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

## REPLY BRIEF FOR APPELLANT

On Discretionary Review From the
Waco Court of Appeals
Cause No. 10-13-00381-CR

**E. Alan Bennett**
State Bar #02140700
Counsel for Appellant

Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, Texas  76710
Telephone:  (254) 772-8022
Telecopier:  (254) 772-9297
Email:        abennett@slmpc.com

# Table of Contents

Table of Contents ............................................................................. 2

Index of Authorities ......................................................................... 3

Issue Presented ................................................................................ 4

Summary of the Argument .............................................................. 4

Argument ......................................................................................... 5

    Whether a trial court may order a sentence to run consecutively with a future parole revocation. .................................................................. 5

Prayer ............................................................................................... 8

Certificate of Compliance ................................................................ 9

Certificate of Service ....................................................................... 9

# Index of Authorities

## Texas Cases

*Barela v. State*, 180 S.W.3d 145 (Tex. Crim. App. 2005) .................................... 5

*Beedy v. State*, 250 S.W.3d 107 (Tex. Crim. App. 2008) .................................... 7

*Bollman v. State*, No. 02-08-00061-CR, 2009 WL 161032 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.) (per curiam) (mem. op., not designated for publication) ............................................................................................................. 6

*Sullivan v. State*, 387 S.W.3d 649 (Tex. Crim. App. 2013) ................................. 7

## Issue Presented

Whether a trial court may order a sentence to run consecutively with a future parole revocation.

## Summary of the Argument

In this Reply Brief, Appellant responds to the State's assertion that Appellant's argument that a sentence may not be ordered to run consecutively with a future (or unproved) parole revocation "is directly contrary to this Court's decision in *Barela*." (State's Brief at 5) The State is incorrect.

# Argument

**Whether a trial court may order a sentence to run consecutively with a future parole revocation.**

The State relies on *Barela v. State*, 180 S.W.3d 145 (Tex. Crim. App. 2005), to assert that only a prior conviction is required for cumulation of sentences, even if the defendant has not yet been sentenced in the case giving rise to the prior conviction. With all due respect to the State, this assertion does not resolve the issue presented by Appellant. In equating this "prior conviction" requirement to parole revocation proceedings, Appellant contends that the State must prove that the defendant's parole has been revoked before the court can order a sentence to run consecutively with a sentence for which the defendant was on parole at the time of the offense. Here, the State did not even prove that revocation proceedings had been instituted against Appellant.

## The State Must Prove a "Conviction"

In *Barela*, this Court held that the State "must" provide evidence of the prior conviction to support a cumulation order. *Barela*, 180 S.W.3d at 148. Appellant contends by analogy that, if the State seeks to obtain a cumulation order for a prior conviction for which the defendant was on parole at the

time of the offense, the State "must" prove: (1) parole revocation proceedings were commenced against the defendant; and (2) his parole was revoked. Otherwise, the defendant has not been "convicted" in his parole revocation proceeding.

**Absent Such Proof, Cumulation is Unauthorized**

If the State fails to establish these two facts with respect to a defendant on parole, then a trial court's cumulation order effectively orders the sentence to run consecutively with some future sentence or, if parole is not revoked, some non-existent sentence.

Article 42.08 does not authorize a trial court to order a sentence to run consecutively with a sentence that the defendant may begin serving at some unknown point in the future if convicted in some pending case. *Bollman v. State*, No. 02-08-00061-CR, 2009 WL 161032, at *5 (Tex. App.—Fort Worth Jan. 22, 2009, no pet.) (per curiam) (mem. op., not designated for publication).

By the same token, the statute does not authorize cumulative sentences where there is a pending parole revocation proceeding because the defendant's parole has not been (and may not be) revoked.

Here, the State made no effort to prove whether parole revocation proceedings were even instituted against Appellant, much less whether his parole was revoked.

For these reasons, Appellant continues to assert that the trial court abused its discretion by ordering consecutive sentences that were not authorized by law.

Therefore, Appellant asks that the Court reform the judgment of the trial court by deleting the unauthorized cumulation order and affirm the judgment as modified. *See* TEX. R. APP. P. 43.2(b); *Sullivan v. State*, 387 S.W.3d 649, 653 (Tex. Crim. App. 2013); *Beedy v. State*, 250 S.W.3d 107, 113 (Tex. Crim. App. 2008).

# Prayer

WHEREFORE, PREMISES CONSIDERED, Appellant Thomas Leon Byrd asks the Court to: (1) reform the judgment of the trial court by deleting the cumulation order and affirm the judgment as modified; and (2) grant such other and further relief to which Appellant may show himself justly entitled.

Respectfully submitted,


   /s/ *Alan Bennett*
E. Alan Bennett
SBOT #02140700
Counsel for Appellant

Sheehy, Lovelace & Mayfield, P.C.
510 N. Valley Mills Dr., Ste. 500
Waco, Texas  76710
Telephone: (254) 772-8022
Fax:           (254) 772-9297
Email:        abennett@slmpc.com

## Certificate of Compliance

The undersigned hereby certifies, pursuant to Rule of Appellate Procedure 9.4(i)(3), that this computer-generated document contains 889 words.

*/s/ Alan Bennett*
E. Alan Bennett

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of this reply brief was served by email on July 28, 2015 to: (1) counsel for the State, Sterling Harmon, sterling.harmon@co.mclennan.tx.us; and (2) the State Prosecuting Attorney, Lisa McMinn, Lisa.McMinn@SPA.texas.gov.

*/s/ Alan Bennett*
E. Alan Bennett