

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-09-00159-CR

_____

RAYMOND LEE REESE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 34609B

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

## I.    BACKGROUND

Raymond Lee Reese appeared on the first day of his felony trial for driving while intoxicated (DWI) but after that first day, must have seen the handwriting on the wall[1] because he failed to appear for the second day of the trial, January 18, 2006. Reese's absence failed to hinder the progress of the trial; the wheels of justice continued to grind and he was tried in absentia[2] on the DWI charge, was found guilty, and was sentenced to seven years' imprisonment.[3] The DWI conviction was then not his sole problem because he was charged by indictment with the further offense of bail jumping and failure to appear[4] when he failed to reappear to continue his trial. After being apprehended, Reese entered a plea of guilty to the charge of bail jumping and failure to appear on October 9, 2006. Reese was sentenced to five years' imprisonment for the bail jumping/failure to appear offense, which sentence was ordered to run consecutively with the seven-year sentence imposed as a result of his DWI conviction.[5]

---

[1]Daniel 5:5.

[2]*See* TEX. CODE CRIM. PROC. ANN. art. 33.03 (Vernon 2006).

[3]Reese's appeal of his DWI conviction to this Court in cause number 06-08-00047-CR was affirmed. In that appeal, Reese complained, *inter alia*, of the cumulation order. Because Reese did not appeal the trial court's judgment in the failure to appear case, this Court held that it lacked jurisdiction to address the merits of the cumulation order. *Reese v. State*, 273 S.W.3d 344, 348 (Tex. App.—Texarkana 2008, no pet.).

[4]TEX. PENAL CODE ANN. § 38.10 (Vernon 2003).

[5]Although the jury assessed punishment at seven years' imprisonment on January 18, 2006, for Reese's DWI conviction, he was not formally sentenced for that conviction until March 7, 2008. Reese's sentence for the DWI

2

Reese waived his right to file a direct appeal, but was granted an out-of-time appeal after having filed an application for a writ of habeas corpus with the Texas Court of Criminal Appeals. The Texas Court of Criminal Appeals held that the waiver did not bar Reese from appealing issues related to his sentence.

On his appeal of the bail jumping/failure to appear conviction, Reese claims that the trial court erred in ordering the two sentences (DWI and bail jumping/failure to appear) to be served consecutively, assuming the position that: (1) Section 3.03 of the Texas Penal Code mandates concurrent sentencing because the offense of bail jumping/failure to appear is tied to the offense of DWI, maintaining that both offenses of which he was convicted are part of the same criminal episode; and (2) the court did not impose the sentence for Reese's DWI conviction until after imposition of sentence for the bail jumping/failure to appear conviction.

Because we find no error on the part of the trial court in ordering these two sentences to run consecutively, we affirm the order cumulating the two sentences.

## II. ANALYSIS

Article 42.08(a) of the Texas Code of Criminal Procedure[6] gives the trial court the discretion to cumulate sentences; therefore, a complaint about consecutive sentences is reviewed

_____

conviction was made subject to the cumulation order issued in the judgment of conviction by the trial court on the charge of bail jumping and failure to appear.
[6]Article 42.08 of the Texas Code of Criminal Procedure provides, in relevant part:

3

using an abuse of discretion standard. TEX. CODE CRIM. PROC. ANN. art. 42.08(a); *Malone v. State*, 163 S.W.3d 785, 803 (Tex. App.—Texarkana 2005, pet. ref'd).

### *The Concurrent-Sentence Provision of Texas Penal Code Section 3.03 Does Not Apply*

Section 3.03 of the Texas Penal Code limits the trial court's discretion in cumulating (stacking) sentences:

> When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. Except as provided by Subsection (b), the sentences shall run concurrently.

TEX. PENAL CODE ANN. § 3.03(a) (Vernon Supp. 2009). The Legislature has defined "criminal episode" as:

> [T]he commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2) the offenses are the repeated commission of the same or similar offenses.

TEX. PENAL CODE ANN. § 3.01 (Vernon 2003).

---

(a) When the same defendant has been convicted in two or more cases, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction. . . . [I]n the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and the sentence imposed or suspended in the preceding conviction has ceased to operate, or that the sentence imposed or suspended shall run concurrently with the other case or cases . . . .

TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon Supp. 2009).

Reese contends the offenses of bail jumping/failure to appear and DWI are part of the same "criminal episode" in accord with the definition of that phrase set forth in the above statute. When two or more offenses are part of the same criminal episode, Reese argues, sentences for those offenses must run concurrently, even when proceedings are separate. No authority is cited for this proposition; the lack of any authority cited to support that claim is quite understandable because we find none. On the contrary, a plain reading of the statute mandates the opposite conclusion. In accord with Section 3.03 of the Texas Penal Code, sentences are concurrent only if two predicate conditions are first met: (1) the offenses arise out of the same criminal episode; and (2) the offenses are prosecuted in a single criminal action. *See* TEX. PENAL CODE ANN. § 3.03(a).

A "single criminal action" refers to a single trial or plea proceeding; as such, a defendant is prosecuted in a "single criminal action" when allegations and evidence of more than one offense arising out of the same criminal episode are presented in a single trial or plea proceeding. *Baker v. State*, 107 S.W.3d 671, 673 (Tex. App.—San Antonio 2003, no pet.). As explained in *LaPorte v. State*, 840 S.W.2d 412, 414–15 (Tex. Crim. App. 1992):

> [A] prosecutor is encouraged to clear case dockets by trying more than one case in a single trial whenever multiple offenses arising from a single criminal episode are alleged against a single defendant, and a defendant benefits by not being burdened with the possibility of consecutive sentences and a string of trials for offenses arising out of a single criminal episode. Section 3.04 provides a defendant the right to have separate trials if he so desires.

Accordingly, "[i]f the facts show the proceeding is a single criminal action based on charges arising out of the same criminal episode, the trial court may not order consecutive

sentences." *Id.* at 415. Therefore, in order to show entitlement to concurrent sentencing, Reese must establish not only that the offenses arose out of the "same criminal episode," but that he was also prosecuted in a "single criminal action." If either predicate is not proven, the sentences were properly cumulated. *See Ex parte McJunkins*, 954 S.W.2d 39, 40–41 (Tex. Crim. App. 1997) (Section 3.03 comes into effect through trial in single criminal action of multiple offenses arising from single criminal episode when State chooses to join offenses in single criminal action and defendant chooses not to demand severance); *Duran v. State*, 844 S.W.2d 745, 747 (Tex. Crim. App. 1992).

Here, Reese was tried by jury on the DWI charge in January 2006. Reese then entered a guilty plea to the charge of bail jumping/failure to appear in October 2006. Because Reese was not tried in a single trial or plea proceeding, the predicate showing of prosecution in a single criminal action cannot be made. Accordingly, the mandatory concurrent-sentence provision of Section 3.03 of the Texas Penal Code does not apply. TEX. PENAL CODE ANN. § 3.03 (Vernon Supp. 2009); *Duran*, 844 S.W.2d at 747. Because Reese was not prosecuted in a "single criminal action," we do not address the issue of whether the offenses here were part of "the same criminal episode."

### *The Order of Convictions Permits Consecutive Sentencing*

Apart from his argument that consecutive sentences are not authorized under Section 3.03 of the Texas Penal Code, Reese complains that the sentence in this case (bail jumping/failure to

6

appear) was stacked upon a sentence (the DWI) that was not assessed and imposed at the time the cumulation order was entered October 9, 2006. The sentence in the DWI case was assessed by jury January 18, 2006, and imposed by judgment of the trial court March 7, 2008. In contrast, the sentence in this case was assessed and imposed October 9, 2006. Reese contends that because the trial court stacked the sentence for bail jumping/failure to appear on a sentence that had not been imposed at the time sentence was assessed and imposed in this case, there was no previous sentence in existence upon which the current sentence could be stacked. We find no merit in this contention.

The Texas Court of Criminal Appeals has determined that there is no requirement that the sentence in the first conviction be imposed before a sentence in a second conviction can be cumulated with the first sentence. *Barela v. State*, 180 S.W.3d 145, 149 (Tex. Crim. App. 2005). In that case, Barela pled guilty in Arizona to two counts of attempted second-degree murder. After the plea was accepted and entered, the court reset the matter for sentencing. Barela escaped from jail and absconded, fleeing to Texas prior to the date of the sentencing hearing. Once in Texas, Barela was indicted and convicted of two other counts of aggravated robbery and sentenced to forty years' imprisonment. At sentencing, the court ordered that the sentence in the aggravated robbery case not commence until Barela completed his sentence in Arizona. *Id.* at 146–47.

On appeal, Barela asserted the trial court abused its discretion by cumulating the sentences because he was sentenced in Texas before he was sentenced in Arizona. The Texas Court of

7

Criminal Appeals affirmed the court of appeals's conclusion that the cumulation order was proper. *Id*. at 147. In reaching this conclusion, the court recognized that Article 42.08 of the Texas Code of Criminal Procedure focuses on the order of conviction, not the order of sentencing, and under Arizona law, Barela was convicted in Arizona at the time the trial court entered his plea. The plain language of Article 42.08(a) of the Texas Code of Criminal Procedure emphasizes that a subsequent conviction can be cumulated with a prior conviction. *Id.* at 149. "It is the order of conviction, rather than the order of sentencing, that is important when contemplating the propriety of a cumulation order." *Id*. The court recognized that there is no statutory requirement that a sentence must be imposed in the first conviction before a stacked sentence may be imposed in a subsequent sentence. *Id*. (citing *Nicholas v. State*, 56 S.W.3d 760, 766 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd)).

The fact that Reese was not formally sentenced in the DWI case before he was formally sentenced in the bail jumping/failure to appear case is not relevant to the propriety of the cumulation order. *Barela*, 180 S.W.3d at 149. We find no abuse of discretion on the part of the trial court in entering the cumulation order in accordance with Article 42.08 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 42.08 (Vernon Supp. 2009).

We affirm the judgment of the trial court.

Bailey C. Moseley

8

Justice

Date Submitted:    February 9, 2010
Date Decided:      February 10, 2010

Publish