In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00054-CR
_____

HOCKEEM JAMAL JEFFERSON, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 252nd District Court
Jefferson County, Texas
Trial Cause No. 11-12961

MEMORANDUM OPINION

Claiming the trial court improperly considered grounds alleged in the State's amended motion to revoke a community supervision order, Hockeem Jamal Jefferson appeals from a judgment finding him guilty of robbery. According to Jefferson, because the trial court began hearing evidence on the State's original motion to revoke, filed in October 2012, the State could not subsequently amend its motion and raise new and different facts in seeking to revoke the community supervision order. Jefferson also argues that the trial court abused its discretion by

1

improperly cumulating his sentence in this case with his sentence in Cause Number 12-15402. We affirm the trial court's judgment.

In carrying out a plea bargain agreement, Jefferson pled guilty to committing a robbery that occurred in November 2011. *See* Tex. Penal Code Ann. § 29.02 (West 2011). Under the terms of Jefferson's plea agreement, the trial court deferred the adjudication of Jefferson's guilt, placed Jefferson on community supervision for two years, and assessed a fine of $500. In October 2012, the State filed a motion to revoke, alleging nine grounds in support of its request to revoke. During a hearing to address the State's October 2012 motion to revoke, Jefferson pled "[t]rue" to the State's allegation that, in September 2012, he had burglarized a habitation. However, at the conclusion of the hearing, the trial court did not grant the motion to revoke; instead, the trial court amended the terms of the community supervision order and reset the case "to review progress in six months."

In December 2012, the State filed a supplemental motion to revoke, alleging that Jefferson had violated the terms of the trial court's community supervision order by committing a robbery in November 2012. In January 2013, the trial court conducted a hearing on the December 2012 motion; during this hearing, Jefferson pled "[n]ot true" to the allegation that he committed a robbery in November 2012.

After hearing testimony from two witnesses and from Jefferson, the trial court found that Jefferson violated the terms of the community supervision order by committing a robbery in November 2012. The trial court then revoked its community supervision order. At the conclusion of the hearing, the trial court sentenced Jefferson to twenty years in prison. Additionally, the trial court stacked Jefferson's sentence in this case, Cause Number 11-12961, which relates to Jefferson's conviction for a November 2011 robbery, on Jefferson's sentence in Cause Number 12-15402, which relates to Jefferson's sentence for another crime, the burglary of a habitation, which occurred in September 2012.

The record reflects that when the trial court conducted a hearing on the December 2012 motion, the October 2012 motion was still pending. The record further reflects that at the time the trial court conducted the hearing on the December 2012 motion, it had received evidence on the State's October 2012 motion to revoke. In issue two, Jefferson argues the trial court abused its discretion by basing its decision to revoke on facts first alleged in the December 2012 motion when it had previously heard evidence of facts that were relevant to the State's original motion to revoke.

Jefferson argues that after beginning a hearing and receiving evidence on the State's original motion to revoke, article 42.12 of the Texas Code of Criminal

Procedure prohibited the State from amending its motion to allege new facts. *See* Tex. Code. Crim. Proc. Ann. art. 42.12 § 21(b-2) (West Supp. 2012). The relevant part of article 42.12, section 21(b-2) states:

> In a felony case, the state may amend the motion to revoke community supervision any time up to seven days before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown, and in no event may the state amend the motion after the commencement of taking evidence at the hearing.

*Id.*

"The rationale for the rule prohibiting the amendment of a motion after the taking of evidence is to prevent the State from adding new or different grounds for revocation as a result of evidence adduced at the hearing on that particular motion." *Washington v. State*, 731 S.W.2d 648, 649 (Tex. App.—Houston [1st Dist.] 1987, no pet.). The record shows that the October 2012 motion was still pending and that the trial court had taken evidence concerning it when the State filed another motion to revoke that alleged facts not alleged in the State's original motion. However, the December 2012 motion was not based on any of the evidence introduced during the hearing of the October 2012 motion. Instead, the December 2012 motion concerned a new crime that occurred after the trial court recessed the hearing on the October 2012 motion.

4

The State concedes that the State's October 2012 motion was pending and had not been dismissed when the trial court held a hearing on the State's December 2012 motion. According to the State, Jefferson never objected to proceeding on the allegations about the November 2012 robbery. The State concludes that by failing to object, Jefferson waived any complaint regarding whether the trial court was allowed to proceed on facts first alleged in the State's December 2012 motion.

The rules of error preservation generally require the complaining party to show that the complaint presented on appeal was first presented to the trial court in a timely request, objection, or motion, and to show that the trial court ruled on the request. Tex. R. App. P. 33.1. By failing to object to the hearing on the December 2012 motion or to the State's filing of the supplemental motion, Jefferson failed to preserve issue two for review on appeal.[1] *See Rogers v. State*, 640 S.W.2d 248, 263-64 (Tex. Crim. App. 1982) (op. on second reh'g) (noting waiver when trial counsel fails to object to procedural deficiencies regarding a second hearing addressing a probation revocation); *Burns v. State*, 835 S.W.2d 733, 735 (Tex. App.—Corpus Christi 1992, pet. ref'd) (holding that the appellant waived any error

---

[1]While Jefferson cites *Crockett v. State*, 840 S.W.2d 160 (Tex. App.—Houston [1st Dist.] 1992, no pet.) as support for his argument, the defendant in *Crockett* preserved error by filing two motions to quash the amended motion to revoke. *Id.* at 162.

5

by failing to object at the beginning of the hearing when the State moved to amend the motion to revoke). We overrule issue two.

In issue one, relying on his argument that the State was limited to the facts that had been alleged in the State's October 2012 motion, Jefferson argues that the State failed to prove the facts asserted in the State's original motion to revoke during the January 2013 hearing. Jefferson is correct that the record of the hearing that occurred in January 2013 addresses only the facts alleged in the State's December 2012 motion. Nevertheless, Jefferson does not argue that the evidence was insufficient to support the trial court's finding that he committed the November 2012 robbery.

The record from the January 2013 hearing demonstrates that the State presented two witnesses. Both witnesses addressed the November 2012 robbery. One of the witnesses, the victim of the robbery, picked Jefferson from a photo-lineup as one of the people who committed the November 2012 armed robbery. During the hearing, Jefferson testified that he did not know anything about the November 2012 robbery, but he was not asked anything about the facts alleged in the State's original motion to revoke.

In reviewing the testimony before the trial court, the trial court had the responsibility to judge the credibility of the witnesses and to determine the weight

to give the evidence admitted during the hearing. *Canseco v. State*, 199 S.W.3d 437, 439 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd). Viewing the evidence about the November 2012 robbery in the light most favorable to the trial court's ruling, we conclude that the evidence is sufficient to prove, by a preponderance of the evidence, that Jefferson violated a condition of his community supervision by committing another crime, a robbery in November 2012. *See Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006); *Garrett v. State*, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). And, because Jefferson did not object to proceeding on the facts alleged in the State's December 2012 motion prior to or before the hearing began, the trial court was allowed to consider whether the trial court's community supervision order had been violated based on the claim that Jefferson committed the November 2012 robbery. *See* Tex. R. App. P. 33.1.

We conclude the evidence before the trial court allowed the trial court to reasonably find, by a preponderance of the evidence, that Jefferson committed a robbery, violating the terms of the trial court's community supervision order. *See Rickels*, 202 S.W.3d at 763-64. Because the trial court did not abuse its discretion by revoking its community supervision order and adjudicating Jefferson's guilt, we overrule issue one.

In issue three, Jefferson argues that we should delete the trial court's cumulation order. According to Jefferson, his offense in Cause Number 11-12961 and his offense in Cause Number 12-15402 arose from the same criminal episode. He also asserts that he was prosecuted in the two cause numbers at issue in a single criminal action.

Jefferson relies on section 3.03 of the Texas Penal Code to support his argument. Article 42.08 of the Code of Criminal Procedure gives trial courts the authority to order that sentences run consecutively or concurrently. Tex. Code Crim. Proc. Ann. art. 42.08 (West Supp. 2012). However, section 3.03(a) of the Penal Code limits the trial court's discretion in cumulating sentences by requiring that a trial court use a concurrent sentence if (1) the defendant is found guilty of more than one offense arising from the same criminal episode, and (2) the accused is prosecuted for the offenses in a single criminal action. Tex. Penal Code Ann. § 3.03(a) (West Supp. 2012). To show that he was entitled to concurrent sentences, Jefferson must establish that the offenses in Cause Number 11-12961 and Cause Number 12-15402 arose out of the "same criminal episode," and he must establish that he was prosecuted in a "single criminal action." *Reese v. State*, 305 S.W.3d 882, 885 (Tex. App.—Texarkana 2010, no pet.).

Jefferson argues that the record shows that the offenses at issue were prosecuted in a single criminal action. The record reflects that the trial judge called each case separately, took the pleas of "[n]ot true" separately, revoked the community supervision orders separately, and sentenced Jefferson separately in each case. *See Ex parte Pharr*, 897 S.W.2d 795, 796 (Tex. Crim. App. 1995) (concluding that guilty pleas that followed one another but that were adjudicated separately did not constitute a single criminal action).

Because the record shows the community supervision orders in the causes at issue were revoked separately and shows the trial court sentenced Jefferson separately in each cause, the record does not support Jefferson's claim that the two offenses were prosecuted in a single criminal action. We conclude the trial court did not abuse its discretion in cumulating Jefferson's sentences. *See Reese*, 305 S.W.3d at 884-85. We overrule issue three. Having overruled all of Jefferson's issues, we affirm the trial court's judgment.

AFFIRMED.

_____
HOLLIS HORTON
Justice

Submitted on September 16, 2013
Opinion Delivered October 16, 2013
Do Not Publish
Before McKeithen, C.J., Kreger, and Horton, JJ.