In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00216-CR
_____

JEFFERSON ANDREW LYKINS, Appellant

V.

THE STATE OF TEXAS, Appellee

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 13-03-02353 CR**

**MEMORANDUM OPINION**

In two issues, Jefferson Andrew Lykins[1] appeals from the sentence and court

costs assessed in a judgment that resulted from his conviction for evading arrest or

detention using a vehicle. *See* Tex. Penal Code Ann. § 38.04 (West Supp. 2014).[2]

On appeal, Lykins argues the trial court abused its discretion by cumulating his

_____

[1]Jefferson Andrew Lykins is also known as Jeffrey Lykins, Jeffrey Andrew
Lykins, Jeff A. Lykins, Jeff Lykins, Jefferson Lykins, Jefferson A. Lykins, and
Andrew Lykins.

[2]Although the Legislature amended the statute after the commission of the
alleged offense, we cite to the current version of the statute because the subsequent
amendments do not affect the outcome of this appeal.

sentence upon another sentence that he contends arose from the same criminal episode. Lykins also challenges the trial court's assessment of attorney's fees as costs. We modify the judgment to delete the trial court's award of $5,250 in attorney's fees as costs because there was no evidence before the trial court showing that Lykins was no longer indigent, but we overrule Lykins's issue that argues the trial court did not have the discretion to stack his sentence. As modified, the trial court's judgment is affirmed.

In issue one, Lykins argues that the trial court abused its discretion in cumulating his sentence in this case upon his sentence in trial court cause number 1045003, a sentence that Lykins received for aggravated robbery. Lykins contends that both convictions were for crimes that arose in the same criminal episode. We review a trial court's decision to cumulate sentences using an abuse-of-discretion standard. *See* Tex. Code Crim. Proc. Ann. art. 42.08 (West Supp. 2014); *Nicholas v. State*, 56 S.W.3d 760, 764-65 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Under that standard, we examine the record to determine whether the trial court's action fell "'within the zone of reasonable disagreement.'" *Manning v. State*, 114 S.W.3d 922, 926 (Tex. Crim. App. 2003) (quoting *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991)).

Lykins relies on article 42.08 of the Texas Code of Criminal Procedure and section 3.03 of the Texas Penal Code to support his argument that the trial court

abused its discretion in cumulating his sentence. Article 42.08 is a broad grant of authority that allows trial courts to order that a defendant's sentence run consecutively or concurrently. *See* Tex. Code Crim. Proc. Ann. art. 42.08. Section 3.03(a) of the Penal Code, however, limits the trial court's discretion in some situations, and it requires concurrent sentencing where the defendant is found guilty of more than one offense arising from the same criminal episode and where the accused is prosecuted for multiple offenses in a single criminal action. Tex. Penal Code Ann. § 3.03(a) (West Supp. 2014).[3] If either predicate is not proven, the sentences can be cumulated, which is also referred to as stacking the sentence. *See Reese v. State*, 305 S.W.3d 882, 885 (Tex. App.—Texarkana 2010, no pet.) (citing *Ex parte McJunkins*, 954 S.W.2d 39, 40-41 (Tex. Crim. App. 1997)).

Our review of the record shows that Lykins's sentence in this case was stacked on another sentence he received, and that in both cases, Lykins was not prosecuted in a single criminal action. "[A] defendant is prosecuted in 'a single criminal action' whenever allegations and evidence of more than one offense arising out of the same criminal episode . . . are presented in a single trial or plea proceeding, whether pursuant to one charging instrument or several[.]" *LaPorte v. State*, 840 S.W.2d 412, 415 (Tex. Crim. App. 1992) (en banc). In the case now on

---

[3]We cite to the current version of the statute as the subsequent amendments do not affect the outcome of this appeal.

appeal, a Montgomery County jury found Lykins guilty of evading arrest or detention using a vehicle based on a crime that occurred on October 1, 2002. The trial court sentenced Lykins to life in prison and ordered that his sentence commence when he completed his sentence in cause number 1045003, a conviction rendered by the 351st District Court of Harris County, Texas. The record shows that in trial court cause number 1045003, Lykins pled guilty to a charge of aggravated robbery, a crime that was alleged to have occurred on September 30, 2002, and the judgment in that case reflects that he received a twenty-five-year sentence.

The two offenses at issue were not tried at the same time, nor were Lykins's sentences the result of a single plea proceeding. Instead, the sentence onto which the trial court stacked Lykins's sentence in this case involved a separate proceeding conducted in a different county at a different time. *See* Tex. Penal Code Ann. § 3.03(a); *LaPorte*, 840 S.W.2d at 415. Because the two cases at issue in this appeal were not prosecuted in a single criminal action, the trial court did not abuse its discretion by cumulating the sentence it gave Lykins in this case on his sentence in the other. *See LaPorte*, 840 S.W.2d at 415; *Reese*, 305 S.W.3d at 884-85. We overrule issue one.

In issue two, Lykins argues that after being found indigent, his status did not change before he was sentenced. He concludes the trial court abused its discretion by assessing him with $5,250 in attorney's fees in the judgment.

A trial court may tax the defendant with attorney's fees if there is a material change in the defendant's ability to pay attorney's fees between the date the trial court initially determined the defendant to be indigent and appointed trial counsel and the date the trial court renders its final judgment. *See* Tex. Code Crim. Proc. Ann. arts. 26.04(p), 26.05(g) (West Supp. 2014);[4] *see also Roberts v. State*, 327 S.W.3d 880, 884 (Tex. App.—Beaumont 2010, no pet.). In this case, the record shows that the trial court found Lykins to be indigent and appointed trial counsel before Lykins was tried on the charge of evading arrest. Following his conviction for evading arrest, the trial court found Lykins remained indigent; once again, the trial court appointed counsel to represent Lykins in this appeal.

The trial court made no express findings regarding whether there had been a change in Lykins's status as an indigent defendant. Nor is there any evidence in the record that would support any implied finding that Lykins's financial circumstances materially changed following the trial court's initial determination that he was indigent. Because no evidence supports any implied finding that there

---

[4]We cite to the current version of the articles in the Code of Criminal Procedure, because the subsequent amendments have no material effect here.

had been any material change in Lykins's ability to pay attorney's fees, the trial court erred in awarding the fees as costs. *See* Tex. Code Crim. Proc. Ann. art. 26.05(g); *Roberts*, 327 S.W.3d at 884. In its brief, the State agrees that the trial court should not have taxed any attorney's fees as costs.

We are authorized by the Texas Rules of Appellate Procedure to render the judgment the trial court should have rendered. *See* Tex. R. App. P. 43.2, 43.3. Therefore, we modify the judgment the trial court rendered by deleting the award of $5,250 in attorney's fees as costs of court. Otherwise, the trial court's judgment is affirmed.

AFFIRMED AS MODIFIED.

_____
HOLLIS HORTON
Justice

Submitted on July 7, 2014
Opinion Delivered September 24, 2014
Do Not Publish

Before Kreger, Horton and Johnson, JJ.

6